**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VOLODYMYR ROLIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-423-R |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement. The matter was referred to United States Magistrate Judge Shon T. Erwin, who issued a Report and Recommendation [Doc. No. 11] recommending the Court grant the Petition and order Respondents to either immediately release Petitioner or hold a bond hearing at which the Government bears the burden of proving Petitioner is a flight risk and danger to the community. Respondents filed a timely Objection [Doc. No. 12] and Petitioner filed a Response [Doc. No. 13], triggering de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

As explained in the Report, Petitioner is a citizen of Ukraine who entered the United States on or about March 25, 2023, pursuant to a humanitarian parole program. His parole terminated on March 23, 2025. He was later detained by ICE and is currently being held at the Cimmaron Correctional Facility. Petitioner's Petition asserts his re-detention without notice and a hearing violates his Due Process Rights under the Fifth Amendment. In his

1

Report, Judge Erwin concluded Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and Petitioner's continued detention is a due process violation entitling him to habeas relief.

Respondents object only to Judge Erwin's finding that Petitioner is detained pursuant to § 1226(a) rather than 8 U.S.C. § 1225(b)(2)(A). Having reviewed the pertinent filings and Respondents' Objection, the Court agrees with Judge Erwin's conclusion that § 1226(a) applies to Petitioner's detention.[1]

Given that Petitioner's detention is governed by § 1226(a), the Court concludes the process Petitioner is due is the process provided by that statute, including an individualized bond hearing.[2] *See Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *2 (W.D. Okla. Apr. 20, 2026) ("Accordingly, § 1226(a) controls Petitioner's detention, and Petitioner is therefore entitled to a bond hearing."); *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because . . . § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ."); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); *Maldonado v. Noem*, No. CIV-25-1379-J, 2026 WL 160950, at *3 (W.D. Okla. Jan. 21, 2026) ("Noncitizens detained under § 1226(a) are generally entitled to a prompt bond hearing before an immigration judge."). "A bond

---

[1] On this issue, the Court finds persuasive the analysis provided in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025) and *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). The Court acknowledges the contrary decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).
[2] Notably, Petitioner requests the Court order either his immediate release or a bond hearing [Doc. No. 13].

hearing before a neutral immigration judge will provide immense value as an additional safeguard" and will afford Petitioner "the process he is due under the statute." *Montero Cordova v. Noem*, No. 1:26-cv-00526-KWR-DLM, 2026 WL 867689, at *9-10 (D.N.M. Mar. 30, 2026).

Accordingly, the Report and Recommendation of Judge Erwin is ADOPTED in part. The Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED and Respondents are directed to provide Petitioner with an individualized custody determination before a neutral decisionmaker within seven days of the date of this order.[3] Respondents shall certify their compliance by filing a status report. Judge Erwin's recommendation regarding Petitioner's Motion to Expedite [Doc. No. 10] is also ADOPTED and the Motion [Doc. No. 10] is DENIED AS MOOT.

IT IS SO ORDERED this 25th day of June, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] "At this point in time, no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework." *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026). Although Petitioner is entitled to a custody determination hearing, the Court declines to prospectively specify or alter the burden of proof at this stage. *Id. See also Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings.").